IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| EDWARD WALKER, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-1179-NJR |
| JOHN BALDWIN, WARDEN BROOKHART, J. WAGNER, FRANK LAWRENCE, LT. JOHN DOE #1, LT. JOHN DOE #2, LT. JOHN DOE #3, LT. JOHN DOE #4, and LT. JOHN DOE #5, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Edward Walker, Jr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was at Menard and Lawrence Correctional Centers ("Lawrence"). In the Complaint, Plaintiff alleges defendants violated his due process rights during a disciplinary hearing at Lawrence and subjected him to unconstitutional conditions of confinement at both prisons. He asserts claims against the defendants under the Eighth and Fourteenth Amendments. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

1

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: On October 4, 2018, Plaintiff was transferred to Lawrence. He was asked on numerous occasions by J. Wagner and Warden Brookhart whether he was affiliated with a gang, and Plaintiff insisted that he was no longer affiliated (Doc. 1, pp. 4-7). He was informed by John Doe #1 that his phone and mail were being monitored for gang activity (*Id*. at p. 7). After receiving a phone call from a co-defendant about his attorney, Plaintiff was placed in administrative segregation. On March 1, 2019, he was issued a disciplinary ticket from Wagner for security threat group ("STG") leadership and activity (*Id.* at p. 9). The investigation supporting the ticket included statements from confidential informants but did not include any activity that supported the finding that Plaintiff was a STG leader (*Id*. at pp. 11-15). Plaintiff believes that Wagner, Brookhart, John Doe #1, John Doe #5 (an intel officer at Menard), and John Doe #2 (another intel officer at Menard) were determined to label Plaintiff an STG leader once he transferred to Lawrence, despite lacking evidence of his involvement with a gang (*Id*. at pp. 11-15, 21).

Plaintiff appeared before the adjustment committee led by John Doe #'s 3 and 4. John Doe #3 informed Plaintiff that they did not see any evidence of STG activity in the ticket but would have to discuss the ticket with internal affairs before making their determination (Doc. 1, p. 16). Plaintiff believes that the two hearing officers were not impartial because they based their ruling on internal affair's determination and not their own understanding of the rules and facts (*Id*. at p. 16). Plaintiff was found guilty of STG leadership and activity and received 1 year C-grade, 1 year segregation, 6 months contact visit restriction, and a disciplinary transfer (*Id*. at p. 17). He

appealed the decision to Brookhart and Baldwin, but they concurred with the findings (*Id*. at pp. 18-19).

Plaintiff was placed in segregation at Lawrence from February 4, 2019, to April 19, 2019, (Doc. 1, p. 20). While in segregation, his cell was filthy, he was not provided with cleaning supplies, and he had a lumpy mattress that was too short for his body (*Id*. at p. 20). Plaintiff wrote a grievance about the conditions. On April 19, 2019, Plaintiff transferred to North 2 segregation at Menard. His cell in segregation was too small to exercise (*Id*. at p. 23). His cell was covered in mold causing breathing issues, headaches, and a sore throat. The showers, sinks, and toilets constantly broke down, and there was rust throughout the cellhouse (*Id*.). There was no ventilation system, only fans which blew the mold, dust, rust, and animal and insect feces around the cellhouse (*Id*. at pp. 23-24). The food was not nutritionally adequate and was undercooked (*Id*. at p. 24). Plaintiff also was housed with mentally ill patients who were loud all day and night and banged on their doors and bars at all hours of the day (*Id*.). The drains in the showers stopped up on a number of occasions and would flood the shower, forcing Plaintiff to shower in water that had blood, feces, and urine in it. The mentally ill inmates also threw feces and blood and wiped bodily fluids on the walls of the cell. Plaintiff's cell was not cleaned prior to his transfer, and it was covered in bodily fluids. The cellhouse lacked heat and air making it hot in the summer and cold in the winter (*Id.* at p. 25). Plaintiff informed Lawrence and Baldwin about the conditions of the cell, but they ignored his complaints.

## **Preliminary Dismissals**

Plaintiff alleges that he faced unconstitutional conditions of confinement while at Lawrence. Plaintiff fails, however, to associate this claim with any defendant. He fails to allege that he informed any defendant about the conditions of his cell at Lawrence. He allege that he

wrote a grievance, but he does not indicate who received the grievance. Although he later lists Brookhart as a defendant for his claim of intentional infliction of emotional distress, he fails to allege that he informed her of the conditions of his cell or that she was aware of the conditions. Thus, to the extent Plaintiff seeks to raise a conditions of confinement claim for his segregation cell at Lawrence, he fails to state a claim. His intentional infliction of emotional distress claim against Brookhart is also **DISMISSED without prejudice** for failure to state a claim.

In the request for relief section of his Complaint, Plaintiff seeks a transfer to Dixon so that he is "not retaliated against again." To the extent that he seeks to raise such a claim, he fails to state a claim. Plaintiff's Complaint fails to allege that he was engaged in any constitutionally protected speech that was a motivating factor for the issuance of the disciplinary ticket. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Accordingly, his retaliation claim is also **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

**Count 1:** **Warden Brookhart, John Baldwin, J. Wagner, Lt. John Doe #1, Lt. John Doe #2, Lt. John Doe #3, Lt. John Doe #4, and Lt. John Doe #5 violated Plaintiff's due process rights under the Fourteenth Amendment by failing to provide him with an impartial decisionmaker and failing to base their decision on adequate evidence.**

**Count 2:** **John Baldwin and Frank Lawrence subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment while Plaintiff was housed in segregation at Menard.**

**Count 3:** **The failure by John Baldwin and Frank Lawrence to remedy Plaintiff's cell conditions amounted to intentional infliction of emotional distress.**

4

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Severance

Plaintiff's due process claim against individuals at Lawrence is unrelated to Plaintiff's claims in Counts 2 and 3 regarding the conditions of confinement at Menard.[2] Accordingly, consistent with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and Federal Rules of Civil Procedure 18 and 20, the Court will sever Counts 2 and 3 into a separate action against Defendants Baldwin and Lawrence and will open a new case with a newly-assigned case number.

### Count 1

At this stage, the allegations in Plaintiff's Complaint state a viable claim for violation of his due process rights against Warden Brookhart, John Baldwin, J. Wagner, Lt. John Doe #1, Lt. John Doe #3, and Lt. John Doe #4. Plaintiff alleges that the hearing officials were impartial and that defendants lacked evidence of STG activity but issued a disciplinary ticket and found him guilty without proper evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Plaintiff fails, however, to state a claim against John Doe #2 and John Doe #5. Although Plaintiff alleges that John Doe #2 and John Doe #5 helped carry the "mindset" that Plaintiff was STG affiliated to Lawrence, he fails to allege that they participated in issuing Plaintiff the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[2] Although John Baldwin is a defendant on all claims, Counts 2 and 3 are not transactionally related to Count 1 thus requiring severance.

disciplinary report or in finding Plaintiff guilty of the charges. Accordingly, John Doe #2 and John Doe #5 are **DISMISSED without prejudice**.

## Pending Motions

As to his motion for counsel (Doc. 2), Plaintiff states that he has written a number of attorneys, but they have not responded to his requests. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Further, counsel is not needed at this time, because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 2) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated above, **Counts 2 and 3** are **SEVERED** into a new case against Frank Lawrence and John Baldwin.

In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1); and
- Plaintiff's motion to appoint counsel (Doc. 2).

The only claim which remains in this case is **Count 1** which shall proceed against Warden Brookhart, John Baldwin, J. Wagner, Lt. John Doe #1, Lt. John Doe #3, and Lt. John Doe #4 but

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

is **DISMISSED without prejudice** as to John Doe #2 and John Doe #5. The Clerk is **DIRECTED** to **TERMINATE** John Doe #2 and John Doe #5 from the docket.

The Clerk of Court shall prepare for Defendants Warden Brookhart, John Baldwin, J. Wagner, Lt. John Doe #1, Lt. John Doe #3, and Lt. John Doe #4: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/14/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**