IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD WALKER, JR.,

        Plaintiff,

v.

JOHN BALDWIN, *et al.*,

        Defendants.

Case No. 19-cv-1179-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Edward Walker, Jr.'s motion to reconsider (Doc. 38) and motion for extension of time to identify John Doe Defendants (Doc. 37). Defendants have filed a response in opposition (Doc. 39).

On June 16, 2020, the Court entered an initial scheduling order (Doc. 31). As part of that Order, Walker was directed to provide Defendants with information to help identify the John Doe Defendants by July 15, 2020. Defendants then had until July 30, 2020, to produce to Walker the identity of those unknown Defendants. Walker had until August 14, 2020 to file a motion to substitute specific defendants for the John Does (Doc. 31, pp. 2-3). He was warned that a failure to comply with the scheduling order would result in the dismissal of the John Does (Doc. 31, p. 3). Walker failed to comply with the deadlines set forth in the scheduling order and on August 21, 2020, the John Does were dismissed without prejudice (Doc. 35). Walker subsequently filed the pending motion to reconsider and motion for extension of time.

Although Walker's motion fails to set forth the procedural basis for his motion to reconsider, the Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

The Court finds that Walker's motion falls under Rule 59(e) given the timing of the motion (within 28 days of the relevant Order) and the nature of his arguments. A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated


by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Walker argues that he should have been given more time to identify the John Does and that the Court failed to take into consideration his motion for extension of time submitted in June 2020 (Doc. 38). Along with his motion to reconsider, he also filed a motion for extension of time (Doc. 37). Although the motion is dated June 10, 2010 (Doc. 37, p. 2), the motion was not filed in June and the attached certificate of service indicates that it was submitted at the same time as his motion to reconsider (*Id.* at p. 4). Defendants also note in their response that they did not receive the motion in June as Walker alleges (Doc. 39, p. 2). Further, the Court notes that the motion for extension of time states that he cannot comply with the deadline set by the Court to identify the John Does (*Id.* at p. 1) but at the time the motion was dated, June 10, 2020, no deadline had been set by the Court for identifying the unknown defendants. The Court did not enter its initial scheduling order setting forth the process and deadlines for identifying the John Does until June 16, 2020. Thus, it appears to the Court that Walker tried to backdate his motion for extension of time to suggest that it was timely submitted. But he did not submit the motion in June nor is there any indication on the docket that he timely sought to extend the deadlines *after* the scheduling order was entered. Further, as Defendants

point out in their response, Walker failed to comply with scheduling order's directive to provide the Defendants with identifying information. Although Walker submitted his initial disclosures to Defendants on August 10, 2020, he never provided them with any information to help identify the John Does (Doc. 39, p. 2). Because Walker failed to comply with the initial scheduling order and failed to timely seek an extension of time, the Court was correct in dismissing the John Does. Accordingly, his motion to reconsider (Doc. 38) is **DENIED**. His motion for extension of time (Doc. 37) is **DENIED as moot.**

To the extent that Walker seeks to amend his complaint and add any additional individuals, the deadline for filing a motion to amend is currently September 14, 2020, but the Court **GRANTS** Walker additional time, up to and including **October 5, 2020**, to file a motion to amend.

    **IT IS SO ORDERED.**

    DATED:   September 15, 2020

                                                             **NANCY J. ROSENSTENGEL**
                                                             **Chief U.S. District Judge**