IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD WALKER, JR., **Plaintiff**, v. JOHN BALDWIN, DEE DEE BROOKHART, and JARED WAGNER, **Defendants.** | Case No. 19-cv-1179-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Edward Walker, Jr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He was allowed to proceed on a single count for violation of his due process rights under the Fourteenth Amendment.

This matter is before the Court on a motion for summary judgment filed by Defendants John Baldwin, Dee Dee Brookhart, and Jared Wagner (Docs. 52, 53). Walker had until November 19, 2021, to file a response (Doc. 54). After numerous extensions he failed to file a timely response (*See* Docs. 57, 59, 62, and 65). Walker's failure to respond constitutes an admission of the facts of Defendants' motion. *See* SDIL Local Rule 7.1(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts).

BACKGROUND

On October 29, 2019, Walker filed his Complaint alleging violations of his due process rights. He was allowed to proceed on the following count:

Count 1: Dee Dee Brookhart, John Baldwin, and Jared Wagner violated Walker's due process rights under the Fourteenth Amendment by failing to provide him with an impartial decisionmaker and failing to base their decision on adequate evidence.

(Docs. 1, 12).

Walker's claim stems from a disciplinary ticket for Security Threat Group or Unauthorized Organizational Leadership Activities and Security Threat Group Activity issued while he was at Lawrence Correctional Center (Doc. 1, pp. 48-49). On February 4, 2019, he was placed under investigation for the possible charges and Jared Wagner issued the disciplinary ticket on March 1, 2019 (Doc. 53-1, pp. 31-32; Doc. 1, p. 48). Walker testified that prior to being issued the ticket, he was interviewed by both Wagner and Brookhart about possible Security Threat Group activity (Doc. 53-1, pp. 32-33, 35-36). Walker was served with a copy of the ticket on March 2, 2019 (Doc. 1, p. 48; 53-1, p. 39).

On March 10, 2019, Walker went before the Adjustment Committee, which included non-defendants Matthew McCarthy and Nathan Attebury (Doc. 53-2, p. 1; 53-1, p. 44). Brookhart, Baldwin, and Wagner were not present at the disciplinary hearing according to Walker's testimony (Doc. 53-1, p. 46). At the hearing, Walker presented a written statement, but declined to call any witnesses (*Id*. at pp. 40-41; 53-2, p. 1). The Adjustment Committee found him guilty of the charges and Walker received 1 year C Grade, one year segregation, a disciplinary transfer, and six months contact visits

restriction (Doc. 53-2, p. 1). He was transferred to Menard Correctional Center (Doc. 53-1, p. 46). Brookhart signed off on the final report (Doc. 53-2 at p. 2). He did not speak with Baldwin about his ticket (Doc. 53-1, p. 54).

## LEGAL STANDARDS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (*citing* Fed. R. Civ. P. 56(a)). *Accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enter., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014).

In assessing a summary judgment motion, a district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).

### B. Due Process Standard

The Due Process Clause of the Fourteenth Amendment applies only to

deprivations of life, liberty, and property. *See Marion v. Radtke*, 641 F.3d 874, 875 (7th Cir. 2011). Procedural due process protections require that the inmate receive "advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation" of the decision. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (citations omitted). *See also Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

## ANALYSIS

Walker's Complaint takes issue with two aspects of his disciplinary hearing: that he was not provided with an impartial decisionmaker and that the findings were not supported by some evidence in the record. But Wagner, Baldwin, and Brookhart did not participate in the disciplinary hearing. In order to be liable under Section 1983, the defendant must have caused or participated in the constitutional deprivation. *See Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012) ("An individual cannot be held liable in a [Section] 1983 action unless he caused or participated in an alleged constitutional deprivation."). Walker testified that none of the Defendants were at the disciplinary hearing. He further acknowledged that Matthew McCarthy and Nathan Attebury were the members of the hearing committee. The Court notes that Walker did testify that he believed Wagner and Brookhart made the final decision on his discipline because McCarthy, the committee chairperson, indicated at the hearing he would have to talk to Wagner and Brookhart before making his findings (Doc. 53-1, pp. 41-42, 44-45, 47-48, 49-50), but Walker failed to offer any evidence that Wagner and Brookhart were the ultimate

decision makers. The records clearly indicate that McCarthy and Attebury were the decisionmakers, not Wagner or Brookhart. Walker further acknowledged that Baldwin was not present, did not participate in the ticket or hearing at all, and that he never spoke to Baldwin about the ticket. There is no evidence in the record to suggest that any of the Defendants participated in the disciplinary hearing.

Further, neither Brookhart nor Baldwin can be liable for their supervisory roles because the doctrine of *respondeat superior* does not apply to Section 1983 claims. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Nor can they be liable for simply denying Walker's grievances about the discipline. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

The Court notes that Wagner did issue the original disciplinary ticket and Brookhart signed off on the adjustment committee's findings, but there is no evidence that they participated in the hearing or made findings themselves. Even if their roles in the disciplinary process qualified them as decisionmakers, there is no evidence in the record to suggest that they were impartial or failed to provide Wagner with his due process protections.[1] To the extent that Walker alleged that the decision was not supported by the evidence, the "some evidence" standard is a low bar, which the Seventh Circuit has described as a "meager threshold." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th

---

[1] For purposes of this analysis, the Court assumes that Walker could show that he suffered a deprivation sufficient to trigger due process protections. Defendants acknowledge that Walker served a year in segregation in a dirty cell (Doc. 53-1, pp. 55-57). *Kevin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015).

Cir. 2007) ("once the meager threshold has been crossed our inquiry ends"). It is a low standard; "meager" proof is enough "so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (internal quotations omitted). The Court will also not "assess the comparative weight of the evidence" which led to the disciplinary decision. *Id*.

Simply put, there is nothing in the record to suggest that the findings were devoid of evidence. Walker testified that he was able to provide a written statement and chose not to request any witnesses (Doc. 53-1, p. 41). The committee based its decision on the Intel Unit's findings from an investigation. The investigation was supported by five confidential sources who identified Walker as a ranking member of the Black P. Stone Nation (Doc. 53-2, p. 1). Thus, it was supported by some evidence.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment (Docs. 52, 53) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants John Baldwin, Dee Dee Brookhart, and Jared Wagner and close the case.

**IT IS SO ORDERED.**

DATED: August 8, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**